UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BYRON K. BREASTON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-094-AS |
| ) | |
| **WALTER E. MARTIN,** ) | |
| ) | |
| Respondent. ) | |

*OPINION AND ORDER*

Byron K. Breaston, a *pro se* prisoner, filed a petition seeking relief under 28 U.S.C. §2254. Mr. Breaston is attempting to challenge his conviction and sentence by the Elkhart Superior Court for escape and for being an habitual offender on November 17, 2004. The petition states that the Court of Appeals of Indiana affirmed the trial court judgment on direct appeal and that he did not seek transfer to the Indiana Supreme Court. He does not state that he otherwise presented his arguments to the Indiana Supreme Court in any other proceeding.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The State of Indiana provides for post-conviction relief as a means of correcting erroneous convictions and/or sentences. If Mr. Breaston has not presented his claims to the Indiana Supreme Court, then he has not exhausted those claims and this court may not grant

him habeas corpus relief. Nevertheless, because of the ambiguities in the petition, it is unclear what Mr. Breaston has done to exhaust his claims. Therefore he will be granted leave to file an amended petition. Alternatively, if he has not yet exhausted his claims by presenting them to the Indiana Supreme Court, he may simply move to dismiss this petition without prejudice. Later, after he has exhausted the remedies available in the state courts, then he may then file another habeas corpus petition, if necessary.

Finally, he has neither paid the $5.00 filing fee nor sought leave to proceed *in forma pauperis*. Unless he does, this case will be dismissed without prejudice for non-payment of the filing fee.

For the foregoing reasons, the court:

(1) **DIRECTS** the clerk to place the cause number of this case on a blank prisoner *in forma pauperis* petition and a blank § 2254 habeas corpus petition (AO-241) and send them to Byron K. Breaston along with a copy of this order;

(2) **GRANTS** Byron K. Breaston to and including April 5, 2007 to either pay the $5.00 filing fee or file an *in forma pauperis* petition;

(3) **GRANTS** Byron K. Breaston to and including April 5, 2007 to either file an amended habeas corpus petition which includes all of the grounds for challenging his conviction as well as a description of how he has exhausted each of those claims by presenting them to the Indiana Supreme Court or file a motion to dismiss without prejudice; and

(4) **CAUTIONS** Byron K. Breaston that this case will be dismissed without prejudice unless he responds as required before that date.

**IT IS SO ORDERED.**

**ENTERED: March 8, 2007**

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**