# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| BYRON K. BREASTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-094-AS |
| | ) |
| WALTER E. MARTIN, | ) |
| | ) |
| Respondent. | ) |

## *OPINION AND ORDER*

Byron K. Breaston, a *pro se* prisoner, filed a motion seeking additional time to demonstrate that he filed a traverse with the Indiana Supreme Court. It now appears that this habeas corpus petition is untimely. Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On September 22, 2005, the Court of Appeals of Indiana affirmed his conviction. Mr. Breaston attached a copy of that order. The public docket of the Indiana Clerk of Court shows that his petition for rehearing was denied on December 7, 2005. Based on the record before this court and the clerk's public docket, it does not appear that Mr. Breaston filed a timely petition for transfer. Therefore the one year clock began running when his time for filing that petition expired 30 days later. *See* IND. R. APP. P. 57(C)(2). The one year limitation period began January 6, 2006 and expired on January 8, 2007.[1] Mr. Breaston signed this habeas petition on March 5, 2007, almost two months after the deadline expired. Therefore it appears that this habeas petition is late and must be dismissed as untimely.

Finally, he still has neither paid the $5.00 filing fee nor sought leave to proceed *in forma pauperis*. Unless he does, this case will be dismissed without prejudice for non-payment of the filing fee. For the foregoing reasons, the court:

(1) **DIRECTS** the clerk to place the cause number of this case on another blank prisoner *in forma pauperis* petition and another blank § 2254 habeas corpus petition (AO-241) and send them to Byron K. Breaston along with a copy of this order;

(2) **GRANTS** Byron K. Breaston to and including April 13, 2007 to either pay the $5.00 filing fee or file an *in forma pauperis* petition;

(3) **GRANTS** Byron K. Breaston to and including May 15, 2007 to either file an amended habeas corpus petition which includes all of the grounds for challenging his conviction as well as a description of how he has exhausted each of those claims by presenting them to the Indiana Supreme Court and explaining how and why the petition is timely or file a motion to dismiss without prejudice; and

(4) **CAUTIONS** Byron K. Breaston that this case will be dismissed without prejudice unless he responds as required before these dates.

---

[1] The deadline would have expired on January 6, 2007, but that was a Saturday, therefore the deadline expired the following Monday. *See* FED. R. CIV. P. 6(a).

**IT IS SO ORDERED.**

**ENTERED: March 30, 2007**

                                          **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**