# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **BYRON K. BREASTON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-094-AS |
| ) | |
| **WALTER E. MARTIN,** ) | |
| ) | |
| Respondent. ) | |

### *OPINION AND ORDER*

Byron K. Breaston, a *pro se* prisoner, paid the $5.00 filing fee and filed an amended habeas corpus petition which he signed on May 5, 2007. Though the court dismissed this case before it received these filings, it will now reopen this case and address them.

Mr. Breaston's amended petition seeks relief under 28 U.S.C. §2254. Mr. Breaston is attempting to challenge his conviction and sentence by the Elkhart Superior Court for escape and for being an habitual offender on November 17, 2004 in 20D06-0402-FD-000100. The petition states that the Court of Appeals of Indiana affirmed the trial court judgment on direct appeal and that he did not seek transfer to the Indiana Supreme Court. It also states that he has a pending post-conviction relief petition before the Elkhart Superior Court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in

> post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Here, Mr. Breaston did not present his claims to the Indiana Supreme Court on direct review which is now complete. Neither has he presented his claims to the Indiana Supreme Court as a part of his collateral attack because he is still litigating his post-conviction relief claims in the state trial court. Because he has never presented any claims to the Indiana Supreme Court, he has not exhausted his state remedies and this claim will be dismissed without prejudice.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the court **REOPENS** this case and **DISMISSES** it **WITHOUT PREJUDICE** because the claims have not been exhausted in state court.

**IT IS SO ORDERED.**

**ENTERED: April 19, 2007**

           **S/ ALLEN SHARP**
           **ALLEN SHARP, JUDGE**
           **UNITED STATES DISTRICT COURT**